UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAMUEL WATSON, et al.<br>Plaintiffs | §<br>§<br>§ | |
| v. | §<br>§ | Civ. No. C-07-326 |
| UNITED STATES, et al.<br>Defendants | §<br>§<br>§ | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On December 11, 2008, the defendants filed a motion for summary judgment (D.E. 38). The only potentially responsive pleading filed by the plaintiffs is the self-styled Motion for Summary Judgment (D.E. 40). For the reasons discussed below, the Court GRANTS the defendants' motion for summary judgment and DISMISSES the plaintiffs' suit.

I. Background

Over several years, the Internal Revenue Service filed federal tax liens and used levies to collect outstanding federal income taxes owed by the plaintiffs. On April 5, 2006, the IRS filed a federal tax lien against the Everhart Investment Trust, as the alter-ego of the plaintiffs, in the Bee County real property records office. On October 16, 2006, the IRS issued a levy to the Everhart Investment Trust regarding a 154.52 acre property located in Bee County. The IRS subsequently served a notice of public auction on the plaintiffs, posted the notice at the Bee County Courthouse, and published a notice of sale in the local

1

newspaper. On March 28, 2007, the property was sold at auction for $200,000. Out of these proceeds, $95,242.36 was applied to fully pay the plaintiffs' income tax liabilities for the years 1998-2000. The remaining surplus was paid to the plaintiffs.

In response to the IRS's liens and levies, the plaintiffs filed various actions in state court. These actions were removed to federal court as case numbers 2:07-CV-074, 2:07-CV-098, and 2:07-CV-144. The United States District Court found that all three actions were attempts by the plaintiffs to challenge the validity of a federal tax lien. However, because the plaintiffs had not complied with the statutory requirements under 26 U.S.C. § 7422(a), the Court ordered all three actions dismissed for lack of subject matter jurisdiction.

On August 1, 2007, the plaintiffs filed this complaint against the United States and Revenue Officer Lerma claiming damages for improper collection practices under 26 U.S.C. § 7433. In response, the defendants have moved for summary judgment against each of the plaintiffs' claims.

## II. Standard for Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, a party may be granted summary judgment if there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c). In *Celotex*, the Supreme Court stated that Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish

the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 105 S.Ct. 2548, 2552 (1986).

## III. Analysis

The plaintiffs have brought suit against the United States and Revenue Officer Lerma, a government employee acting in her official capacity. However, as a sovereign, the United States "is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 61 S.Ct. 767, 769–70 (1941) (citations omitted). Furthermore, a suit against a government employee who is acting in their official capacity constitutes a claim against the United States. *See Kentucky v. Graham*, 105 S.Ct. 3099, 3105 (1985) (stating that "a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself").

In their original complaint, the plaintiffs invoked the waiver of sovereign immunity found in 26 U.S.C. § 7433. Under § 7433, a plaintiff may bring a civil action for damages against the United States if "in connection with any *collection* of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title." 26 U.S.C. § 7433(a) (emphasis added).

A claim under § 7433 for improper collection is separate and distinct from a claim for improper assessment. As stated in *Shaw*, "improper assessment deals with the decision to impose tax liability while improper collection activities involves conduct of an agent trying to collect the taxes owed." *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994). To prove a claim for improper collection practices, a taxpayer must demonstrate that the IRS did not follow the prescribed methods of acquiring assets. *Id.* A claim for improper assessment of taxes, on the other hand, requires the taxpayer to demonstrate why no taxes are owed. *Id.*

This distinction is supported by the statute's history. In its early form, the statute granted a taxpayer the right to sue "for damages in connection with the determination or collection of any Federal tax." *See id.* However, Congress later deleted the statute's reference to the determination of federal taxes. *See id.* As stated in *Gandy Nursery*, "§ 7433 is not the proper vehicle for recovering damages relating to an improper assessment of taxes." *Gandy Nursery, Inc. v. United States*, 412 F.3d 602, 607 (5th Cir. 2005). Furthermore, the filing of a tax lien based on an invalid tax assessment is not a per se violation of § 7433. *Id.* Accordingly, to the extent that the plaintiffs are challenging the validity of the tax assessment, § 7433 does not provide the required waiver of sovereign immunity.

### A. First Cause of Action

In the first cause of action, the plaintiffs allege that liability can be premised on the failure of the revenue officer to follow 26 C.F.R. § 301.6203-1,

which sets forth the procedure for assessing taxes. However, to the extent that the plaintiffs are arguing that the assessment was invalid, § 7433 does not provide the required waiver of sovereign immunity. As mentioned above, § 7433 is concerned with improper *collection* activities, not the improper *determination* of taxes. Therefore, liability under this section cannot be premised on any portion of the cited treasury regulation concerning the determination or assessment of taxes.

The plaintiffs have failed to establish that the revenue officer violated the portion of the treasury regulation concerning notice, which is considered an act of collection. *See Miller v. United States*, 66 F.3d 220, 222 (9th Cir. 1995) (stating that providing notice and demanding payment are collection procedures). Under the regulation, "[i]f the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed." 26 C.F.R. § 301.6203-1. The plaintiffs have not requested a copy of the record of assessment for any of the tax years at issue. Instead, the plaintiffs "requested and secured proof that no related documents verifying the existence of a lien or levy" had been filed in the Office of the Secretary of State of Texas.[1]

The plaintiffs have failed to show that the revenue officer improperly filed or released the tax liens, which are also considered collection activities.

---

[1] The plaintiffs direct the Court to Exhibit C of the Original Complaint, which shows that there are no related documents filed in the Uniform Commercial Code Section of the Office of the Secretary of Texas. However, as noted earlier, the tax lien was filed in the Bee County real property records office.

According to documents submitted by the defendants, both the tax lien and the subsequent release of the tax lien were filed in the Bee County real property records office. The plaintiffs do not refute this. Because the plaintiffs have not established that there was a violation of any provision cited in their first cause of action, the Court grants the defendants' motion for summary judgment with respect to this action.

### B. Second and Third Causes of Action

In the second and third causes of action, the plaintiffs claim that the revenue officer violated 26 U.S.C. § 7214(a), which provides a laundry list of prohibited acts. The second cause of action alleges that the revenue officer violated § 7214(a) by collecting sums greater than the amounts that appear on the record of assessments. However, the plaintiffs have not submitted any evidence supporting this allegation. Instead, the defendants have submitted documents showing that after the income tax liabilities for 1998-2000 were satisfied with the sale proceeds, the remaining surplus was paid to the plaintiffs. This is not disputed by the plaintiffs.

In the third cause of action, the plaintiffs claim that the revenue officer violated § 7214(a) by fraudulently alleging a tax bill "approximately one-hundred times greater than [the plaintiffs] could owe under any theory." However, as previously stated, § 7433 is not the proper vehicle for recovering damages relating to an improper assessment of taxes.

Additionally, the plaintiffs have submitted no evidence showing that any revenue officer acted unlawfully under § 7214(a). The subsections of § 7214(a) concern unlawful acts, such as extortion or fraud, knowingly made by a revenue officer. There is no evidence that any revenue agent acted unlawfully, either knowingly or mistakenly, during the collection process. The Court grants the defendants' motion for summary judgment with respect to the second and third causes of action.

### C. Fourth and Fifth Causes of Action

The plaintiffs' fourth and fifth causes of action fail as a matter of law. The cited statutes, 18 U.S.C. § 1028 and 18 U.S.C. § 1344 are criminal statutes that do not provide for a private cause of action. Additionally, by its express terms, the waiver of sovereign immunity contained in 26 U.S.C. § 7433 is limited to violations of "any provision of this title, or any regulation promulgated under this title." The criminal statutes cited by the plaintiffs are codified in Title 18, not Title 26. The Court grants the defendants' motion for summary judgment with respect to the fourth and fifth causes of action.

### D. Sixth Cause of Action

The plaintiffs' sixth cause of action also fails as a matter of law. In this cause of action, the plaintiffs allege that the revenue officer wrongfully levied on their property in violation of 26 U.S.C. § 7426, which is titled "Civil actions by persons other than taxpayers." Under § 7426, certain people may bring a civil

action against the United States for a wrongful levy. However, by its express terms, a civil action under this section is not available to "the person against whom is assessed the tax out of which such levy arose." Because the plaintiffs challenge a levy that arose out of a tax that was assessed against them, they cannot bring suit under § 7426. The Court grants the defendants' motion for summary judgment with respect to the plaintiffs' sixth cause of action.

### E. Seventh Cause of Action

The plaintiffs' seventh cause of action directs the Court's attention to the statute authorizing the IRS to levy on property, 26 U.S.C. § 6331, specifically subsections 6331(i) and 6331(j). Under § 6331(i), no levy may be made during the pendency of any Federal trial court proceeding brought for the recovery of taxes paid by the taxpayer. By its express terms, this provision only applies when there is a proceeding pending in Federal court. Because the plaintiffs attempt to rely on a notice filed in state court in Bee County, § 6331(i) is inapplicable to the present suit.

Under § 6331(j), no levy may be made on any property until a thorough investigation of the status of such property has been completed. To the extent that the plaintiffs are claiming that the IRS lacked the authority to levy because the tax assessment was invalid, § 7433 does not provide the required waiver of sovereign immunity. Additionally, the plaintiffs have produced no evidence showing that the IRS did not conduct a proper investigation of the property pursuant to §

6331(j). The Court grants the defendants' motion for summary judgment with respect to the plaintiffs' seventh cause of action.

## IV.  Conclusion

As for the causes of action enumerated in the complaint, the plaintiffs have failed to make a showing sufficient to establish the existence of an element essential to each of those claims. Additionally, the plaintiffs have not provided a sufficient waiver of sovereign immunity that would allow them to challenge the validity of the tax assessments. The Court GRANTS the defendants' motion for summary judgment (D.E. 38) and DISMISSES the plaintiffs' claims.

ORDERED this 24 day of August, 2009.

*[signature]*
HAYDEN HEAD
CHIEF JUDGE